**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**JOHN LICITRA**                                                                                                              **PLAINTIFF**

**V.**                                                **NO. 5:24-CV-5175-TLB**

**J. B. HUNT TRANSPORT, INC.**                                                                         **DEFENDANT**

<u>**MOTION TO COMPEL ARBITRATION AND STAY THE INSTANT PROCEDINGS
AND ALTERNATIVE ANSWER**</u>

Comes the Defendant, J.B. Hunt Transport, Inc., by counsel, Tracy Law, PLLC, and for its Motion to Compel Arbitration and Stay the Instant Proceeding, states:

1.  Plaintiff John Licitra is an owner-operator commercial truck driver. *See* Plaintiff's Compl. para. 1, 14 (Doc. 2). He contracted with Defendant J.B. Hunt Transport, Inc. as an independent contractor to provide driving services for compensation. *See* Plaintiff's Compl. para. 16. Plaintiff now files suit alleging breach of contract and violation of Truth-in-Leasing regulations arising from the business relationship with Defendant based on an Independent Contractor Operating Agreement. *See* Ex. 1 to Plaintiff's Compl. (Doc. 2-1). More specifically, Plaintiff alleges he has not been properly compensated and has sustained economic damages.

2.  Defendant seeks to compel Plaintiff's claim to arbitration, enforce the Arbitration Agreement signed by Plaintiff, and stay this proceeding. It is undisputed the parties have agreed to arbitration and the agreement is enforceable. This Court has authority to compel arbitration pursuant to Federal and Arkansas law.

3.  A brief in support and exhibits are attached hereto and incorporated herein, including Exhibit 1 to Plaintiff's Complaint, filed with this Court as Doc. 2-1.

WHEREFORE, Defendant respectfully requests Arbitration should be compelled, the instant matter be stayed, and for all other good and proper relief.

## **ALTERNATIVE ANSWER**

Alternatively, and without waiving its Motion to Compel Arbitration and Stay the Instant Proceedings, Comes Defendant, J.B. Hunt Transport, Inc., through counsel, Tracy Law, PLLC, and for its Alternative Answer to Plaintiff's Complaint states:

1. Upon information and belief, Defendant admits Plaintiff is a truck driver. Defendant admits Plaintiff worked as an independent contractor under a contract with Defendant. Defendant admits it operates as a motor carrier pursuant to federal law in some of its business operations. Defendant denies the remaining facts and allegations in paragraph 1 of Plaintiff's Complaint.

2. Upon information and belief, Defendant admits paragraph 2 of Plaintiff's Complaint.

3. Defendant admits that it is organized under the laws of the State of Georgia and maintains its principal place of business in Lowell, Arkansas; Defendant denies the remaining allegations in paragraph 3 of Plaintiff's Complaint.

4. Defendant denies jurisdiction and reserves the right to compel arbitration pursuant to the terms of an Independent Contractor Operating Agreement, Arbitration Agreement, and applicable state and federal law.

5. Defendant denies jurisdiction and reserves the right to compel arbitration pursuant to the terms of an Independent Contractor Operating Agreement, Arbitration Agreement, and applicable state and federal law.

6. Defendant denies jurisdiction and reserves the right to compel arbitration pursuant to the terms of an Independent Contractor Operating Agreement, Arbitration Agreement, and applicable state and federal law.

7. Defendant admits its principal place of business is in Lowell, Arkansas, but denies venue is appropriate in this Court and reserves the right to compel arbitration.

8. Paragraph 8 of Plaintiff's Complaint is an overbroad statement of law and does not require a response from this Defendant. To the extent a response is required, Defendant admits only the office of the Secretary of Transportation has the powers conferred to it pursuant to 49 U.S.C. §31133 and other relevant law and otherwise denies the allegations in paragraph 8 of Plaintiff's Complaint.

9. Paragraph 9 is an overbroad summary of law and requires no response from this Defendant. To the extent a response is required, Defendant denies paragraph 9 of Plaintiff's Complaint as drafted.

10. Paragraph 10 is an overbroad summary of law and requires no response from this Defendant. To the extent a response is required, Defendant denies paragraph 10 of Plaintiff's Complaint as drafted.

11. Paragraph 11 is an overbroad summary of law and requires no response from this Defendant. To the extent a response is required, Defendant denies paragraph 11 of Plaintiff's Complaint as drafted.

12. Defendant admits that it is a motor carrier under 49 U.S.C. § 13901, *et seq.* for some of its operations. Defendant denies the remaining allegations in paragraph 12 of Plaintiff's Complaint as drafted.

13.     Defendant admits it contracts with owner-operator independent contractors in some instances for some of its commercial operations. Defendant acknowledges the definition in footnote 1 of paragraph 13 of Plaintiff's Complaint, and Defendant denies the allegations and remaining facts and allegations in paragraph 13 of Plaintiff's Complaint including any allegations in footnote 1.

14.     Upon information and belief, Defendant admits Plaintiff entered into an "Independent Contractor Operating Agreement" with J.B. Hunt Transport, Inc., in 2017, with the most recent Agreement executed on February 23, 2023. Defendant denies any remaining facts and allegations in paragraph 14 of Plaintiff's Complaint.

15.     Defendant denies paragraph 15 of Plaintiff's Complaint.

16.     Defendant acknowledges Exhibit 1 to Plaintiff's Complaint and states the document speaks for itself.

17.     Paragraph 17 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, denies the facts and allegations in paragraph 17 of Plaintiff's Complaint at this time as drafted.

18.     Defendant states Exhibit 1 speaks for itself. Defendant denies any specific allegations against it in paragraph 18 of Plaintiff's Complaint.

19.     Defendant states Exhibit 1 speaks for itself. Defendant denies any specific allegations against it in paragraph 19 of Plaintiff's Complaint.

20.     Defendant states Exhibit 1 speaks for itself. Defendant denies any specific allegations against it in paragraph 20 of Plaintiff's Complaint.

21. Defendant states Exhibit 1 speaks for itself. Defendant denies any specific allegations against it in paragraph 21 of Plaintiff's Complaint, including the allegations in subparts a. through c.

22. Defendant states Exhibit 1 speaks for itself. Defendant denies any specific allegations against it in paragraph 22 of Plaintiff's Complaint.

23. Defendant states Exhibit 1 speaks for itself. Defendant denies any specific allegations against it in paragraph 23 of Plaintiff's Complaint.

24. Defendant denies paragraph 24 of Plaintiff's Complaint.

25. Defendant denies paragraph 25 of Plaintiff's Complaint.

26. Defendant denies paragraph 26 of Plaintiff's Complaint.

27. Defendant denies paragraph 27 of Plaintiff's Complaint.

28. Defendant denies paragraph 28 of Plaintiff's Complaint.

29. Defendant admits only its representatives engaged in discussions with Plaintiff regarding the allegations in Plaintiff's Complaint prior to the filing of this Complaint. Defendant denies the remaining facts and allegations in paragraph 29 of Plaintiff's Complaint.

30. Defendant admits only its representatives engaged in discussions with Plaintiff and sought to address Plaintiff's concerns as presented to them prior to the filing of this Complaint. Defendant denies the remaining facts and allegations in paragraph 30 of Plaintiff's Complaint.

31. Defendant is without sufficient information and knowledge of the facts and allegations in paragraph 31 of Plaintiff's Complaint and therefore denies them.

32. Defendant denies paragraph 32 of Plaintiff's Complaint.

33. Defendant denies paragraph 33 of Plaintiff's Complaint.

34. Defendant states the Independent Contractor Operating Agreement speaks for itself and adopts and incorporates all relevant language herein. Defendant denies all remaining allegations against it in paragraph 34 of Plaintiff's Complaint.

35. Defendant states the Independent Contractor Operating Agreement speaks for itself and adopts and incorporates all relevant language herein. Defendant denies all remaining allegations against it in paragraph 35 of Plaintiff's Complaint.

36. Defendant states the Independent Contractor Operating Agreement speaks for itself and adopts and incorporates all relevant language herein. Defendant denies all remaining allegations against it in paragraph 36 of Plaintiff's Complaint.

37. Defendant denies paragraph 37 of Plaintiff's Complaint.

38. Defendant denies paragraph 38 of Plaintiff's Complaint.

39. Defendant denies paragraph 39 of Plaintiff's Complaint.

40. Defendant denies paragraph 40 of Plaintiff's Complaint.

41. Defendant admits only its representatives engaged in discussions with Plaintiff and sought to address Plaintiff's concerns as presented to them prior to the filing of this Complaint. Defendant denies the remaining facts and allegations in paragraph 41 of Plaintiff's Complaint.

42. Defendant denies paragraph 42 of Plaintiff's Complaint.

43. Defendant states the Independent Contractor Operating Agreement speaks for itself and adopts and incorporates all relevant language herein. Defendant denies all remaining allegations against it in paragraph 43 of Plaintiff's Complaint.

44. Defendant denies paragraph 44 of Plaintiff's Complaint.

45. Defendant denies paragraph 45 of Plaintiff's Complaint.

46. Paragraph 46 is a statement of law and requires no response from this Defendant. To the extent a response is required, federal law speaks for itself. Defendant denies any specific allegations against it contained in paragraph 46 of Plaintiff's Complaint.

47. Paragraph 47 is a statement of law and requires no response from this Defendant. To the extent a response is required, federal law speaks for itself. Defendant denies any specific allegations against it contained in paragraph 47 of Plaintiff's Complaint.

48. Defendant denies paragraph 48 of Plaintiff's Complaint.

49. Defendant denies paragraph 49 of Plaintiff's Complaint and demands the strictest proof.

50. Defendant admits that Plaintiff purports to bring a claim under 49 U.S.C. § 14704(a) and (b), but denies that Plaintiff is entitled to any relief under those sections and denies the any remaining allegations in paragraph 50 of Plaintiff's Complaint.

51. Defendant states the Independent Contractor Operating Agreement speaks for itself and adopts and incorporates all relevant language herein. Defendant denies all remaining allegations against it in paragraph 51 of Plaintiff's Complaint.

52. Defendant denies paragraph 52 of Plaintiff's Complaint.

53. Defendant denies paragraph 53 of Plaintiff's Complaint.

54. Defendant joins in Plaintiff's request for trial by jury.

55. Defendant denies Plaintiff's "wherefore" prayer for relief, including all subparts a. through e.

**AFFIRMATIVE DEFENSES**

56. Defendant affirmatively states the Independent Contractor Operating Agreement was clear, definite, certain, and complete.

57. Defendant affirmatively pleads Plaintiff's unclean hands.

58. Defendant affirmatively pleads waiver.

59. Defendant adopts and incorporates all terms and conditions of the J.B. Hunt Transport, Inc. Independent Contractor Operating Agreement, including that documented executed by John Licitra on February 22, 2023.

60. Defendant denies each and every material allegation contained in Plaintiff's Complaint not herein specifically admitted.

61. Defendant reserves its objections to and pleads lack of subject matter jurisdiction and lack of personal jurisdiction as a defense pursuant to Fed. R. Civ. P. 12(b)(1), Ark. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(2), Ark. R. Civ. P. 12(b)(2).

62. Defendant reserves its objections to and pleads improper venue as a defense pursuant to Fed. R. Civ. P. 12(b)(3) and Ark. R. Civ. P. 12(b)(3).

63. Defendant affirmatively pleads failure to state facts upon which relief may be granted as against Defendants as a defense pursuant to Fed. R. Civ. P. 12(b)(6) and Ark. R. Civ. P. 12(b)(6).

64. Defendant reserves the right to accomplish discovery and plead further and specifically reserves all objections and affirmative defenses available under Fed. R. Civ. P. 8(c), including, *as may be applicable to the facts pled in the Complaint or developed during the course of the litigation*, the following: (a) accord and satisfaction; (b) arbitration and award; (c) comparative fault; (d) discharge in bankruptcy; (e) duress; (f) estoppel; (g) laches; (h) license; (i) payment; (j) release; (k) res judicata; (l) setoff; (m) statute of frauds; (n) statute of limitations, and (o) waiver.

65. Defendant affirmatively asserts the choice of law, jurisdiction, and venue provisions of the applicable Independent Contractor Operating Agreement and Arbitration Agreement.

66. Defendant asserts that the Independent Contractor Operating Agreement and Arbitration Agreement is enforceable and asserts its' right to compel Plaintiff to arbitrate his claims according to the Arbitration Agreement.

67. Defendant reserves the right to conduct discovery and plead further.

WHEREFORE, Defendant respectfully requests Plaintiff's Complaint be dismissed, or this case be stayed pending arbitration under the Independent Contractor Operating Agreement and the Arbitration Agreement and for all other good and proper relief.

This 18th day of October, 2024.

Respectfully submitted,

**TRACY LAW, PLLC**
918 W. 6th Street
Little Rock, Arkansas 72202
501.712.5899
amytracy@tracypllc.com

By: _____
AMY L. TRACY, ABN 2010122

## **CERTIFICATE OF SERVICE**

      I state that on this 18th day of October 2024, a true and correct copy of the foregoing pleading was mailed and/or served electronically via the Court's electronic case filing system to the following individual(s):

Mr. Josh Sanford
Mr. Sean Short
SANFORD LAW FIRM, PLLC
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
josh@sanfordlawfirm.com
sean@sanfordlawfirm.com

Mr. Brant Casavant
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, Massachusetts 02111
brant@fairworklaw.com

_____
AMY L. TRACY