IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**JOHN LICITRA**                                                                                                 **PLAINTIFF**

**V.**                                      **NO. 5:24-CV-5175-TLB**

**J. B. HUNT TRANSPORT, INC.**                                                **DEFENDANT**

## BRIEF IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY THE INSTANT PROCEEDINGS

Comes the Defendant, J.B. Hunt Transport, Inc., by counsel, Tracy Law, PLLC, and for its Brief in Support of Motion to Compel Arbitration and Stay the Instant Proceeding, states:

Plaintiff John Licitra is an owner-operator commercial truck driver. *See* Plaintiff's Compl. para. 1, 14 (Doc. 2). He contracted with Defendant J.B. Hunt Transport, Inc. as an independent contractor to provide driving services for compensation. *See* Plaintiff's Compl. para. 16. Plaintiff now files suit alleging breach of contract and violation of Truth-in-Leasing regulations arising from the business relationship with Defendant based on an Independent Contractor Operating Agreement. *See* Ex. 1 to Plaintiff's Compl. (Doc. 2-1). More specifically, Plaintiff alleges he has not been properly compensated and has sustained economic damages.

Defendant seeks to compel Plaintiff's claim to arbitration, enforce the Arbitration Agreement signed by Plaintiff, and stay this proceeding. It is undisputed the parties have agreed to arbitration and the agreement is enforceable. This Court has authority to compel arbitration pursuant to Federal and Arkansas law.

## APPLICABLE STANDARD

If there is an arbitration agreement governing a dispute, it is governed by the Federal Arbitration Act ("FAA") (9 U.S. C. §§1 *et seq.*). *Dunn v. Activision Blizzard, Inc.*, 3:23cv00224

at *4 (E.D. Ark. Sept. 23, 2024).  "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, including 'the construction of the contract language itself.'" *Id*. (citing *PRM Energy Sys., Inc. v. Primenergy, LLC*, 595 F.3d 830, 836 (8th Cir. 2010)).  However, arbitration is a matter of contract and must be fulfilled where agreed.  *See*, *e.g.*, *id*. (citations omitted).  When deciding whether the parties agreed to arbitrate a matter, this Court should apply Arkansas legal principles governing the formation of contracts.  *See*, *id*. (citations omitted).

In *Dunn v. Activision Blizzard, Inc.*, the court evaluated whether to enforce an arbitration agreement executed in an electronic format and presented to the signee in an electronic context. The court's analysis is persuasive precedent instructing the handling of the instant matter. According to *Dunn*: "[T]he essential elements for an enforceable arbitration agreement are (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligation."  *Dunn*, 3:23cv00224 at *5 (citing *Alltel Corp. v. Sumner*, 203 S.W.3d 77, 79 (Ark. 2005)). "A threshold inquiry is whether an agreement to arbitrate exists; that is, whether there has been mutual agreement, with notice as to the terms and subsequent assent." *Id*. Further, a court should  "keep in mind two legal principles when deciding whether a valid contract was entered into: (1) a court cannot make a contract for the parties but can only construe and enforce the contract that they have made; and if there is no meeting of the minds, there is no contract; and (2) it is well settled that in order to make a contract there must be a meeting of the minds as to all terms, using objective indicators." *Id.* (additional citations omitted).

The Court further noted contracts provided and executed online are treated no differently than any other contract.  *Id.* at *5 (citing *Leeper v. Altice U.S.A., Inc.*, F.3d, 2024 WL 1234947, at *4 (W.D. Ark. Mar. 22, 2024)).

I.      **It Is Undisputed the Parties Executed An Arbitration Agreement.**

Paragraph 16 to Plaintiff's Complaint (Doc. 2) states: "A copy of the operative lease agreement signed by Mr. Licitra is included with this Complaint as Exhibit 1 and is incorporated herein by reference."  Exhibit 1 to Plaintiff's Complaint (Doc. 2-1) purports to be an Independent Contractor Operating Agreement ("Operating Agreement") signed by Plaintiff John Licitra on September 14, 2020.[1]  The Operating Agreement contains the following provisions:

> 31.  <u>Entire Agreement</u>: This Agreement, including its Appendices and addenda, constitutes the entire agreement and understanding between the parties and shall not be modified, altered or changed without the express written consent of both parties, except as otherwise provided in Sections 14(f) and 22(c) of this Agreement. In the event of any inconsistent provisions, the terms and conditions of signed appendices and addendums shall take priority.

Plaintiff's Comp., Ex. 1, Doc 2-1, page 22.

> **NOTICE: THIS IS A BINDING LEGAL DOCUMENT. The parties acknowledge that each has the right and opportunity to fully review the Agreement prior to signing and, if each so elects, seek the assistance of legal counsel of its own choosing. By signing this Agreement, Contractor (i) represents it has read this Agreement; (ii) has sought and received the advice of an attorney or, if not, has chosen not to do so; and (iii) is entering into this Agreement freely, voluntarily, and without duress, undue influence, coercion, or promise of any benefit not specifically described in this Agreement.**

Plaintiff's Comp., Ex. 1, Doc 2-1, page 25.

Exhibit 1 additionally integrates a stand-alone, binding Arbitration Agreement containing the following provisions:

> Important Information Regarding Arbitration
>
> Section 38 of this Agreement requires you to arbitrate any claim you may have against us (with a few exceptions), unless you choose to opt out. It also prohibits

---

[1] Defendant affirmatively states a supplemental Operating Agreement was executed in 2023 and reserves the opportunity to address that document in future briefing.  An executed copy of the 2023 Independent Contractor Operator Agreement and integrated Arbitration Agreement is attached hereto as Exhibit A-1. Please also see Exhibit A, Declaration of Rachel Christensen.  However, for the purposes of Plaintiff's pending Complaint, Defendant will utilize the Operating Agreement relied on by Plaintiff to bring his claim as attached as Exhibit 1 to Plaintiff's Complaint.  *See* Doc. 2-1.

> you from bringing any class, collective, consolidated, or non-Private Attorney General Act representative action against us, and from participating in or recovering relief under any current or future class, collective, consolidated, or non-Private Attorney General Act representative action brought against us by someone else. The agreement to arbitrate is optional and is not a condition of your business relationship with us. You should carefully consider the consequences of your decision not to opt out, just as you would when making any other important business decision. As noted, you have a right to unilaterally opt out of the agreement to arbitrate in Section 38 within 30 days of signing it (see Section 38(e)).

Plaintiff's Comp., Ex. 1, Doc 2-1, page 2.

> 38. <u>Agreement to Arbitrate</u>:  Except as provided in Subparagraph (a) of this Section 38, any dispute (including requests for preliminary or permanent injunctive relief) between the parties from or relating to (or alleged to arise from or relate to):
> (a) this Agreement (b) the business relationship between the Parties; (c) and any acts, omissions, conditions, or events relating to the parties occurring during the term of this Agreement, including, without limitation, to those arising from or relating to any other agreement(s) between the parties; (d) breach of contract; (e) tortious conduct; or (f) violation or cause of action under the statutes, regulations, common law, or other requirements of any applicable government authorities, whether local, state, Federal, or foreign, including but not limited to the Fair Labor Standards Act, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Employee Retirement Income Security Act, and other Federal labor, employment, or transportation law, and State labor, employment, or transportation law (together, "Claims"), shall be submitted to final and binding arbitration. This Agreement (including the parties' agreement to arbitrate disputes) will be subject to and is not exempt from the scope of the Federal Arbitration Act (9 U.S.C. § 1 et seq.). If a court of competent jurisdiction issues a final ruling holding that this Agreement is exempt from mandatory arbitration under the Federal Arbitration Act, then this Agreement (including the parties' agreement to arbitrate disputes) will be governed by the Georgia Arbitration Code (O.C.G.A § 9-9-1, et seq). The arbitration will be held in Benton County, Arkansas and governed by the Commercial Arbitration Rules of the American Arbitration Association, as then in effect, and the procedures set forth herein.
>
>> (a) Claims Not Subject to Agreement to Arbitrate. The parties' agreement to arbitrate Claims does not apply to: (i) Claims within the subject matter jurisdiction of a small claims court and advances only an individual (non-class, non-collective, non-consolidated, and non-representative) Claim; (ii) Claims for workers' compensation, state disability insurance, or unemployment insurance benefits; (iii) Claims brought before an administrative agency if applicable law grants exclusive jurisdiction over the Claim to such an agency notwithstanding the existence of an agreement to arbitrate; (iv) statutory claims for public injunctive relief ; and (v) Claims for indemnification; (vi) Claims for breach of Section 23 (Confidentiality and Trade Secrets); and (vii) Claims

brought under the California Private Attorneys' General Act (Cal. Lab. Code § 2698, et seq.) ("PAGA") pursuant to which Contractor seeks to recover a civil penalty or penalties (i.e. a recovery a portion of which is allocated to the California Labor and Workforce Development Agency) on behalf of anyone who has provided services to Carrier other than Contractor. For the avoidance of doubt, private disputes pursuant to which Contractor seeks claimant-specific relief (e.g. statutory damages), including claims alleging violations of the California Labor Code that may underlie or predicate the PAGA claim for civil penalties, are covered by the mandatory arbitration provisions in this Section 38 unless applicable law requires that they be adjudicated before an administrative agency notwithstanding the existence of an agreement to arbitrate.

(b) Issues Delegated to Arbitrator. An arbitrator shall decide all issues arising from or relating to the interpretation or application of this Section 38 (including its subparagraphs), including the enforceability, revocability or validity of this Section 38 or any portion of it, except for the issue of the availability of class, collective, consolidated, or representative arbitration of claims, which issue shall be reserved.

(c) Waiver. THE PARTIES AGREE THAT NO CLASS, COLLECTIVE, CONSOLIDATED, OR REPRESENTATIVE ARBITRATION OF CLAIMS IS PERMITTED TO BE BROUGHT IN THE ARBITRATION PROCEEDING AND THAT THE ARBITRATOR IS NOT EMPOWERED TO CERTIFY, CONDUCT, OR AWARD RELIEF IN ANY SUCH ARBITRATION. IF A COURT OR ARBITRATOR NEVERTHELESS ALLOWS OR REQUIRES A CLASS, COLLECTIVE, CONSOLIDATED, OR REPRESENTATIVE ARBITRATION, THE PARTIES AGREE THAT SUCH A DECISION IS IMMEDIATELY APPEALABLE TO THE STATE OR FEDERAL COURTS SERVING BENTON COUNTY, ARKANSAS AS CONTRARY TO THE INTENT OF THE PARTIES AND THAT ALL ARBITRAL PROCEEDINGS, INCLUDING DISCOVERY, SHALL BE STAYED PENDING THE OUTCOME OF THE APPEAL. IN THE EVENT THE DECISION IS NOT REVERSED ON APPEAL, THE PARTIES AGREE THAT THIS SECTION 38 IN ITS ENTIRETY, AND ANY PRIOR OR SUBSEQUENT ARBITRATION AWARD UNDER IT, SHALL BE NULL AND VOID, AND ANY CLAIMS BETWEEN THE PARTIES SHALL BE RESOLVED BY COURT ACTION, NOT ARBITRATION, IN THE STATE OR FEDERAL COURTS FOR BENTON COUNTY, ARKANSAS. IF AT ANY POINT THIS PROVISION IS DETERMINED TO BE UNENFORCEABLE, THE PARTIES AGREE THAT THIS PROVISION SHALL NOT BE SEVERABLE, UNLESS IT IS DETERMINED THAT THE ARBITRATION WILL STILL PROCEED ON AN INDIVIDUAL BASIS ONLY.  THE PARTIES UNDERSTAND THAT BY AGREEING TO ARBITRATION, THEY ARE WAIVING THEIR RIGHT TO TRIAL BY JURY.

(d) Arbitration Fees and Expenses. Each Party shall pay its own arbitration filing fees and an equal share of the fees and expenses of the arbitrator and the cost of the arbitration site, provided that if Contractor operates only one vehicle in its business, Carrier will pay the full fees and expenses of the arbitrator and the full cost of the arbitration site and the (i) full arbitration filing fee, if Carrier is the claimant, or (ii) the portion of the filing fee that exceeds the filing fee then in effect for civil actions in the United States District Court for the district that includes Contractor's place of residence, if Contractor is the claimant. In all other circumstances, the parties are responsible for their own arbitration expenses, including its attorneys' fees, provided that if the arbitrator finds that Contractor is entitled to recovery of attorneys' fees under applicable law, nothing in this Section 38 prohibits that recovery (but Carrier reserves any and all defenses to such a recovery under applicable law).

(e) Right to Opt Out of Arbitration. The agreement to arbitrate is not a condition of Contractor's business relationship with Carrier. If Contractor does not want to be subject to this Section 38, Contractor may opt out of the agreement to arbitrate by notifying Carrier in writing within thirty (30) days of the date this Agreement is signed by the Contractor. If Contractor elects to opt out, the written notice must be delivered either (i) by email to legal@jbhunt.com, stating Contractor's name and intent to opt out of this Section 38 or (ii) by sending a letter by U.S. Mail, delivery service (FedEx, etc.), or by hand to Sr. VP Legal and Litigation and General Counsel, Legal Department, J.B Hunt Transport, Inc., 615 J.B. Hunt Corporate Drive, Lowell, AR 72745. The original or a copy of the opt-out notice shall be maintained by Carrier. SUCH UNILATERAL ELECTION BY CONTRACTOR SHALL NOT RESULT IN TERMINATION OF THIS AGREEMENT OR ANY OTHER AGREEMENT BETWEEN THE PARTIES OR ANY FORM OF PENALTY, RETALIATION, OR DISADVANTAGE TO CONTRACTOR.

(f) Miscellaneous. If any provision (including any sentence or part of a sentence) of this Section (including its subparagraphs) except for the waiver in Section 38(c) is found to be invalid by a court or arbitrator, this Section 38 shall be void only as to such provision, and the remainder of the provision will continue to bind the parties. Any provision voided by operation of the foregoing shall be replaced with provisions that shall be as close to the parties' original intent as permitted under applicable law. No waiver of any of the provisions of this Section 38 shall constitute a waiver of any other provisions of the Agreement whether or not similar, nor shall any waiver constitute a continuing waiver. No waiver shall be deemed effective or binding upon either party unless set forth in writing executed by the party making the waiver. The failure or refusal of either party to insist upon the strict performance of any provision of this Section 38 or to exercise any right in any one or more instances or circumstances shall not be construed as a waiver of the provision or relinquishment of the right, nor shall the failure or refusal to exercise the provision or right be deemed a customary practice or course of performance

>     contrary to the provision or right. The rights and remedies of either party under
>     this Section 38 or under applicable law shall be cumulative, and the exercise of
>     any of them shall not exclude the exercise of any other right or remedy provided
>     or allowed under applicable law.

Plaintiff's Comp., Ex. 1, Doc 2-1, pages 21--24.  Based on the foregoing, Plaintiff is bound by the Arbitration Agreement.

## II.     The Parties' Arbitration Agreement is Enforceable.

The undisputed, executed Arbitration Agreement is enforceable.  It encompasses provisions supporting establishing mutual agreement (i.e. an opt-out opportunity), sufficient consideration, and mutual obligations.  There are also provisions denoting a neutral forum for resolution of disputes, severability, and choice of law, among other independent terms and conditions.  *See* Doc. 2-1, Section 38.

The terms of the executed Arbitration Agreement require Plaintiff to arbitrate any claim, including the ones alleged in the Complaint, unless Plaintiff opted out of the agreement to arbitrate within 30 days of signing the agreement.  *See* Ex. 1, Doc. 2-1, page 2.  Plaintiff can present no evidence he opted out of the arbitration agreement in 2020 or any other time.  The document specifically provides the agreement to arbitrate is "optional" and "is not a condition of your business relationship with us."  *Id*.  Furthermore, the Arbitration Agreement further specifies arbitration must be utilized where there is any dispute between the parties relating to "this Agreement", the business relationship between the parties, breach of contract, or violation under statute.  *See* Ex. 1, Doc. 2-1, page 23.  This language encompasses all causes of action and subject matters asserted in Plaintiff's Complaint.  Moreover, the Agreement to Arbitration provides, "This Agreement … will be subject to and is not exempt from the scope of the Federal Arbitration Act (9 U.S.C. § 1 et seq.).") *Id*.

The integrated Arbitration Agreement is enforceable as a stand-alone Agreement. Mutuality is demonstrated on pages 2 and 23 of Ex. 1, Doc 2-1, including, "The agreement to arbitrate is optional and is not a condition of your business relationship with us…." The Agreement to Arbitrate is a decision formed by the independent contractor regardless of the decision to engage in work. The stand-alone nature of the Arbitration Agreement is further supported by the opt-out provisions. *See* Ex. 1, Doc. 2-1, paragraph 38(e). The independent contractor is given instructions on how to opt out of the arbitration terms, provided an avenue for additional contracting, and is provided notice the arbitration agreement is not a condition of the business relationship. *Id*. The contractor is additionally provided with notice of the binding nature of the legal impact of the documentation and the option to enlist legal counsel. *See* Ex. 1, Doc. 2-1, page 25. In addition to executing the Arbitration Agreement and his admission that he signed it, Plaintiff did not take steps to opt out, which indicates his agreement to participate. *See* Declaration of Rachel Christensen, Ex. A.

The evidence of mutuality is also significant to the independent consideration for the Arbitration Agreement. As the Court observed in *Altice U.S. Inc. v. Runyan*, 2023 Ark. App. 117 at *8 (Mar. 01, 2023):

> "[m]utuality of obligations means an obligation must rest on each party to do or permit to be done something in consideration of the act or promise of the other; thus, neither party is bound unless both are bound." *Id.* (citing *Altice USA, Inc. v. Johnson*, 2023 Ark. App. 120 (2023); *Altice USA, Inc. v. Peterson*, 2023 Ark.App. 116 (2023)). "It requires that the terms of the agreement impose real liability upon both parties." *Id.* "[A] contract that provides one party the option not to perform his promise would not be binding on the other." *Id.*

By agreeing to submit to arbitration, Plaintiff agreed to give up the option to litigate his claims in this Court. A quid pro quo or consideration that is enforceable against either Plaintiff or Defendant.

Stand-alone Arbitration Agreement is also enforceable pursuant to Federal law. Defendant anticipates Plaintiff may suggest the Arbitration Agreement is not enforceable because it is a part of the Operating Agreement and therefore a contract for employment pursuant to the FAA. As has been distinguished herein, although the Arbitration Agreement is integrated with the Operating Agreement from a practical, physical construction standpoint, it is a stand-alone contract. Specifically, the Arbitration Agreement contains independent clauses and essential elements making it enforceable on its own. Accordingly, the Arbitration Agreement cannot be considered a contract of employment. It is a contract for resolving disputes. Further evidence of the nature of this construction are the explicit terms of the Operating Agreement which describe a continuing business relationship regardless of opting in or out of the Arbitration Agreement. *See supra*.

Accordingly, because it is undisputed Plaintiff agreed to the Arbitration Agreement and because the Agreement is enforceable pursuant to Arkansas and Federal law, arbitration should be compelled, and this proceeding should be stayed.

WHEREFORE, Defendant respectfully requests this Court compel Plaintiff to Arbitration stay this case, and for all other good and proper relief.

This 18th day of October, 2024.

                                         Respectfully submitted,

                                         **TRACY LAW, PLLC**
                                         918 W. 6th Street
                                         Little Rock, Arkansas 72202
                                         501.712.5899
                                         amytracy@tracypllc.com

By:   _____
                                         AMY L. TRACY, ABN 2010122

## **CERTIFICATE OF SERVICE**

      I state that on this 18th day of October 2024, a true and correct copy of the foregoing pleading was mailed and/or served electronically via the Court's electronic case filing system to the following individual(s):

Mr. Josh Sanford
Mr. Sean Short
SANFORD LAW FIRM, PLLC
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
josh@sanfordlawfirm.com
sean@sanfordlawfirm.com

Mr. Brant Casavant
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, Massachusetts 02111
brant@fairworklaw.com

                                                          _____
                                                          AMY L. TRACY